SAMUEL, Judge.
This is an appeal taken by the plaintiff from a judgment dismissing his suit for total and permanent disability benefits under the Workmen’s Compensation Act.
The 50 year old plaintiff was employed by the defendant as a laborer. His wages were $1.35 per hour. On December 9, 1963 he strained his back while picking up heavy concrete pipe. He continued work but complained of back pain the following day and on December 11 treatment for the back strain was begun in New Orleans by Dr. Herman Rabin, defendant’s industrial surgeon. He was treated by this doctor for approximately one month and then transferred for treatment to Dr. Roy L. Gregory in Mandeville, plaintiff’s home. The transfer was made for plaintiff’s convenience.
Dr. Gregory began treatment on January 9, 1964. On January 17, 1964 plaintiff was referred to Dr. H. R. Soboloff, an orthopedic surgeon, for examination and orthopedic evaluation. Dr. Soboloff found plaintiff was recovering from the strain and recommended that his treatment continue with discharge left to the discretion of the treating physician. Dr. Gregory continued treatment to February 5, 1964 at which time he discharged plaintiff as able to return to work. His report to that effect was made later in the month and plaintiff received compensation at the rate of $35 per week from December 10, 1963 to February 18, 1964.
Plaintiff returned to work for the defendant on April 7, 1964 and worked through May 27, 1964. He complained of continued pain and was sent back to Dr. Rabin who made an examination and again referred him to Dr. Soboloff for orthopedic evaluation. Dr. Soboloff examined plaintiff on June 2, 1964 and, because of nonspecific complaints of back pain, recommended a urological consultation. In response to this recommendation defendant referred plaintiff to Dr. Gilbert G. Toms-key, a urologist, for examination. Plaintiff saw Dr. Santo LoCoco, for examination purposes only, on February 25, 1964. He again saw this doctor on June 9, 1964 at which time Dr. LoCoco began treatment which continued until he discharged plaintiff on September 8, 1964.
The question presented for our determination is whether or not plaintiff had recovered from his back injury and was able to return to his work at and subsequent to the time defendant discontinued compensation payments on February 18, 1964. The trial judge was of the opinion plaintiff was able to return to work on February 5, 1964, the date of his discharge by Dr. Gregory, and that his back pains subsequent to that date were unrelated to the back strain he suffered while working on December 9, 1963.
The record contains the testimony of seven witnesses. Three of these, Dr. Gregory, Dr. LoCoco and the plaintiff himself, testified on behalf of the plaintiff; the remaining four, Drs. Rabin, Soboloff and Tomslcey and a defendant employee, were *900 called by the defendant. The last mentioned witness, the defendant employee, testified to matters not directly related to the question we are considering and we find it unnecessary to discuss his testimony.
The plaintiff testified: Despite the treatment he received from Dr. Gregory and Dr. LoCoco he continued to suffer low back pain which prevented him from working. He had tried working at other and less strenuous jobs but had been unable to do even the lighter work. The pain had been present from the time of the accident and continued to the date of the trial. Prior to the accident, for some 20 years or more, he had never been ill and had worked regularly.
Dr. Gregory, a general practitioner, testified: When he first saw plaintiff and began treatment on January 9, 1964 plaintiff was recovering from a lumbo-sacral strain. Treatment was continued through February S, 1964. This doctor’s examination of plaintiff on January 25, 1964 was within normal limits, on February 5, 1964 there was no objective evidence of disability, and on the latter date he was of the opinion that plaintiff had completely recovered. Plaintiff returned to Dr. Gregory the following November. At that time there was no objective evidence to support any claim of pain or disability although plaintiff did complain of back pain. While this doctor could not be certain that the pains complained of, if the complaints were true, were caused by the accident, he felt that they were the result of that injury. However, Dr. Gregory had no knowledge of any urological condition.
Dr. Santo LoCoco, an orthopedist, first examined plaintiff on February 25, 1964. He again saw plaintiff on June 9,1964 when he began treatment and discharged him on September 8, 1964. He saw plaintiff on only two occasions between those two dates and made no physical examination on either of those occasions. On the date of the discharge he testified plaintiff was complaining more than he had on his two previous visits but he discharged plaintiff when the examination revealed no objective findings. Dr. LoCoco stated that originally there had been objective evidence supporting the complaint of back pain and he was of the opinion that the pain was the result of the injury and not urological although he does not appear to have had a urological examination made nor does his testimony reveal that he knew of the results of the examination made by Dr. Tomsk ey.
Dr. Rabin could find no reason for plaintiff’s continued complaints of pain. This, doctor testified that although it is possible to have pain after all objective findings leave, and there were no such objective findings in his last examinations, he did not believe plaintiff was truthful in so complaining because he stated he felt pain in the back when his legs were flexed posteriorally, a procedure which cannot cause back pain. The fact that Dr. Rabin felt he had become what he termed “a medical-legal' problem”, was the reason this doctor again recommended an examination by Dr. Sobo-loff.
Dr. Soboloff’s examination of plaintiff on January 22, 1964 revealed that he had recovered substantially from the lumbo-sacral strain. His other examination on June 2, 1964 was completely negative from an orthopedic standpoint and this doctor was of the opinion that plaintiff was able to return to work. However, because of his non-specific complaints of pain he thought there might be some urological problem involved and for that reason recommended an examination by a specialist in that field.
Dr. Tomskey, the urologist, found that plaintiff had a congenital anomaly which caused hydronephrosis or “enlarged kidney”, chronic prostatitis and chronic nonspecific bursitis. None of these conditions was in any way connected with the accident of December of 1963 and they could cause the back pain of which plaintiff complained.
*901 From our reading of the entire record we are of the opinion that there is no error in the finding of fact made by the trial judge.
The judgment appealed from is affirmed.
Affirmed.